[No. 11704.   Department Two.   February 21, 1914.]

WASHINGTON PAVING COMPANY, *Respondent*, v. THE CITY OF TACOMA, *Appellant*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—CONTRACTS—CONSTRUCTION. Where a contract for a public improvement provided that the contractor should pay the city a lump sum of $2,500 for all survey and inspection service which might be necessary, and include it in its bids, the city cannot recover of the contractor a sum actually expended in such service in excess of the $2,500.

SAME—CONTRACTS—PERFORMANCE—TIME LIMIT—ACCEPTANCE. A city cannot claim violation of a contract for an improvement, in failing to finish the work within the 150-day limit for completion of the contract, where it does not appear but what the delay was the fault of the city, the contract was subject to extension, and the city acquiesced in the delay without objection and accepted the work.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered September 29, 1913, in favor of the plaintiff, in an action on contract, upon sustaining a demurrer to an affirmative defense. Affirmed.

*T. L. Stiles* and *Frank M. Carnahan*, for appellant.

*Hayden, Langhorne & Metzger*, for respondent.

PARKER, J.—The Washington Paving Company, having completed a street paving contract for the city of Tacoma, seeks to recover a claimed balance due thereon, and payable from the local improvement fund created by special assessment to pay for the improvement. Judgment was rendered against the city upon its election not to plead further and stand on its affirmative defense set up in its answer, to which

[1]Reported in 138 Pac. 870.

the paving company's demurrer had been sustained. From this disposition of the cause the city has appealed.

The uncontroverted facts here to be noticed, appearing in the paving company's complaint, may be summarized as follows: In June, 1912, the paving company entered into a contract with the city to construct the improvement here involved for the sum of $69,147, to be paid from a special assessment fund levied against the property benefited by the improvement. The pavement being completed by the paving company and accepted by the city, and the fund being created, the city paid therefrom upon the contract price the sum of $67,718.88, retaining to its own use from the fund the sum of $1,428.12, which it refused to pay to the paving company. The terms of the contract relating to the time of the completion of the improvement are as follows:

"That the party of the second part [paving company] will commence the work hereby contracted for within ten days after the execution and delivery hereof, and will complete said work within 150 days after such execution and delivery, and in case of failure on the part of the contractor to complete its contract within the time fixed, or within such extension of time as may have been granted thereon by the council prior to the time fixed for completion of the work in the contract, its contract shall be void . . . Provided, however, that if the party of the second part be delayed by the said city or its officials in the beginning of the work, then the time of such delay shall be added to the said 150 day limit above mentioned."

The city seeks to justify its withholding of the $1,-428.12 by allegations in its affirmative answer, which constituted its only defense, as follows:

"That in estimating the sum necessary to construct said work and to be levied as a part of the local improvement assessment therefor, defendant had to estimate the probable expense it would be required to advance for surveys and location points and for inspection of plaintiff's work as it proceeded. That the said expense necessarily depended upon the time occupied in completing said work, survey-

ors and inspectors being compensated by the day; and the time specified for the completion of said work was 150 days from the execution and delivery of said contract, and it was specified and set forth in the specifications for said work that the plaintiff should include the sum of $2,500 in its bid for said work and that said sum should be paid to it in the manner provided in said contract and that it should repay said sum to the defendant in cash.

"That long before said work was completed said 150 days had fully expired and defendant had been obliged to expend the whole of said $2,500 for surveyors' and inspectors' compensation; and under the terms of said contract plaintiff was subject to the forfeiture thereof; but defendant waived said forfeiture and permitted plaintiff to complete said work, which it did, but took 295 days therefor.

"That during the whole of said additional 145 days defendant was compelled to employ surveyors and inspectors upon said work, which it did at an expense of $1,428.12, which was the reasonable value of said surveying and inspection; and defendant was damaged in said sum by the plaintiff's delay in the completion of said work.

"Wherefore, upon the acceptance of said work defendant demanded and claimed from plaintiff re-imbursement for said extra expense and retained and still retains, and claims the right to retain said sum of $1,428.12 as damages for plaintiff's failure to complete said work within the time agreed upon."

We would be in a somewhat better position to determine the respective rights of the parties if we had before us the exact language of the specifications, made part of the contract, which required the paving company to pay to the city the $2,500 for expense of survey and inspection incident to the construction of the improvement. We think, however, there is enough in the city's affirmative allegations to render it reasonably certain that the paving company was to pay this sum to the city as a lump sum for all survey and inspection service which might be rendered necessary in the construction of the improvement, and that the city agreed to furnish such service for that lump sum, each without regard to whether such service eventually cost the city more or

less than that sum. This being the effect of the contract, the paving company could not recover from the city any difference between $2,500 and a lesser total sum which the city might have actually expended for such service, nor could the city recover from the paving company any difference between $2,500 and a greater total sum which the city might have actually expended for such service. We can conceive of no reason whatever for the city and the paving company agreeing upon a specific sum to be paid to the city for this service, except to give the contract the effect we have indicated. If it was to be understood that the paving company was to pay the city whatever total sum it expended for this service, nothing could have been simpler than to have so stated in the contract. We are of the opinion that was not the intent of the parties to the contract.

It is, however, argued by counsel for the city that the terms of the contract were violated as to time of completion, and the city thereby incurred expense incident to survey and inspection not contemplated at the time of the making of the contract. We do not think the allegations of the city's affirmative answer so show. The 150-day limit fixed in the contract for the completion of the improvement was not absolute. It was subject to extension by the city for any cause, and the paving company had an absolute right of extension if delay occurred from the fault of the city or its officers in the beginning of the work. It is plain from the allegations of the city's affirmative answer that the work was being proceeded with by the paving company without protest on its part after the expiration of the 150-day limit, and it is not claimed that the city indicated any intention to retain expenses incurred by it for survey and inspection after that limit until its acceptance of the work. In view of all the facts stated in the pleadings, we are of the opinion that the fair conclusion to be drawn therefrom is that the paving company did not violate the terms of the contract. This be-

ing so, it follows that the city was bound to accept the $2,-500 in full payment of survey and inspection services, and to pay to the paving company the full contract price.

The judgment is affirmed.

CROW, C. J., FULLERTON, MORRIS, and MOUNT, JJ., concur.